Opinion issued
December 9, 2010



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-09-00177-CV

———————————








KATHY J.
KOTERAS, TRUSTEE OF THE 5715 C EASTHAMPTON TRUST, Appellant

 

V.

 

PINE VILLAGE
NORTH ASSOCIATION, Appellee

 

 

On Appeal from
the County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 927,889

 

 



MEMORANDUM
OPINION

 








          Appellant,
Kathy J. Koteras, trustee of the 5715 C Easthampton Trust, appeals from a
judgment rendered in favor of appellee Pine Village North Association.  The Association sued Koteras for unpaid
maintenance assessments charged by the Association.  The trial court granted the Association’s
motion for summary judgment, rendering judgment for $1,151.32 in damages,
attorney’s fees, and pre- and post-judgment interest.  The trial court also provided for foreclosure
on the property at issue.  On appeal,
Koteras asserts that no notice was given to the beneficiaries and that
foreclosure on trust property is improper for a personal obligation of the
trustee.  We conclude Koteras waived any
error by failing to raise the issue before the trial court.  We affirm.

Background








          Koteras, as trustee of the 5715 C
Easthampton Trust, purchased property in the Pine Village North Townhouses
subdivision.  The Association is the
homeowner’s association of the subdivision. 
As part of the covenants running with the land within the subdivision,
the Association makes assessments of fees for maintenance of the subdivision.

          The Association brought suit against
Koteras for past due fees.  The
Association moved for summary judgment. 
On the day of the hearing, Koteras filed a response to the summary
judgment.  The sole issue raised in this
response was that the Association was not in good standing with the Texas
Comptroller’s office.  After curing
unpaid fees, the Association was once again stated to be in good standing by
the Comptroller’s office.  The trial
court rendered summary judgment in favor of the Association.  

Summary
Judgment








          On appeal, Koteras contends that the trial court’s judgment
violated the Texas Property Code, asserting that no notice was given to
the beneficiaries and that foreclosure on trust property is improper for a personal
obligation of the trustee.  “Issues not expressly
presented to the trial court by written motion, answer or other response shall
not be considered on appeal as grounds for reversal.”  Tex.
R. Civ. P. 166a(c); see also,
e.g., Robnett v. Kirklin Law Firm, 178 S.W.3d 45, 52–53 (Tex. App.—Houston
[1st Dist.] 2005, no pet.) (refusing to consider on appeal contentions raise in
supplemental response to summary judgment without leave of court).  Here, Koteras does not contend that the
evidence is insufficient to support a summary judgment, nor does she dispute
that the assessments were owed to the Association.  Koteras’s only ground to resist summary
judgment was the Association’s lack of good standing with the Texas Comptroller.  Koteras did not raise in writing before the
trial court any of the grounds concerning the Texas Property Code that she now
asserts on appeal.  Therefore, these
grounds may not serve as a basis to reverse the trial court.  See
Tex. R. Civ. P. 166a(c); Robnett, 178 S.W.3d at 53.  We overrule Koteras’s contentions concerning
the Texas Property Code.[1]

Conclusion

          We affirm the judgment of the trial court.

 

 

                                                                   Elsa
Alcala

                                                                   Justice

 

Panel consists of Justices Jennings,
Alcala, and Sharp.

 











[1]           On January 26, 2010, this Court issued an order stating
that Koteras’s brief failed to comply with the requirements of Rule 38 of the
Texas Rules of Appellate Procedure and giving her an opportunity to re-brief
her case.  Koteras did not file another
brief.